UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| KIMBERLY BROUILLETTE,<br><br>            Plaintiff,<br><br>      v.<br><br>MONTAGUE ELEMENTARY SCHOOL DISTRICT; MONTAGUE ELEMENTARY SCHOOL DISTRICT BOARD; GARY LAMPELLA; JENNIFER DOOLEY,<br><br>            Defendants. | CIV NO. 2:14-840 WBS CMK<br><br><u>MEMORANDUM AND ORDER RE: MOTION TO DISMISS</u> |

----oo0oo----

Plaintiff Kimberly Brouillette brought this action against the Montague Elementary School District ("the District"), the Montague Elementary School District Board ("the Board"), Gary Lampella, and Jennifer Dooley. Plaintiff asserts a claim for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, a due process claim under the California Constitution, and a claim for defamation under state law. Defendants now move to dismiss the complaint pursuant to

1

Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[1]

I. <u>FLSA Claim</u>

Plaintiff names the Board, the District, and Lampella as defendants in her FLSA claim. Under the FLSA, however, only an "employer" is liable for unpaid overtime wages. See 29 U.S.C. § 207; <u>Baird v. Kessler</u>, 172 F. Supp. 2d 1305, 1310 (E.D. Cal. 2001) ("In order for such a claim to survive . . . plaintiffs must first establish that these individual state officers are 'employers,' as that term is used in the FLSA."). The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). In determining whether a defendant is a plaintiff's "employer," courts in the Ninth Circuit "focus[] primarily on four factors: 'whether the alleged employer had (1) the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of payment, (3) determined the rate and method of payment, and (4) maintained employment records." <u>Moreau v. Air Fr.</u>, 356 F.3d 942, 947 (9th Cir. 2004) (quoting <u>Bonnette v. Cal. Health & Welfare Agency</u>, 704 F.2d 1465, 1470 (9th Cir. 1983)).

Here, plaintiff alleges that she was "employed" by the District, (Compl. ¶¶ 2, 3, 8 (Docket No. 1)), and that the Board

---

[1] Plaintiff has not filed an Opposition to defendants' motion to dismiss. The court therefore orders this matter submitted on the briefs. E.D. Cal. L.R. 230(c).

1  "made the final decision to terminate" her, (id. ¶ 4).  By
2  contrast, plaintiff does not allege any facts showing that
3  Lampella had the power to hire or fire employees, determine when
4  or how much plaintiff would be paid, or that he maintained
5  employment records.  And while plaintiff asserts that Lampella
6  was her "supervisor," (id. ¶ 5), she does not allege any facts
7  illustrating the extent of his supervisory responsibilities so as
8  to allege that he was her employer.  See Bell Atl. Corp. v.
9  Twombly, 550 U.S. 544, 555 (2007) (emphasizing that "labels and
10 conclusions" are insufficient to survive a motion to dismiss
11 under Rule 12(b)(6)).  In the absence of any factual allegations
12 showing that Lampella was plaintiff's "employer," her conclusory
13 allegation of a supervisory relationship is insufficient to state
14 a claim against him for failure to pay overtime wages.  See id.
15 at 557.
16          The Board and the District contend that plaintiff's
17 FLSA claim against them is barred by the Eleventh Amendment,
18 which provides that a state or a state agency enjoys sovereign
19 immunity from suit unless that immunity is validly waived or
20 abrogated.[2]  Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54

---

[2] Unlike Rule 12(b)(6), which authorizes courts to dismiss a complaint that fails to state a claim upon which relief can be granted, Rule 12(b)(1) authorizes courts to dismiss a claim for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Although it is not clear whether defendants seek dismissal under Rule 12(b)(1) or 12(b)(6) on the basis of sovereign immunity, the court construes their motion as one under Rule 12(b)(1) because, "though styled as an 'immunity,' the Eleventh Amendment limits the subject-matter jurisdiction of the federal courts."  New Star Lasers, Inc. v. Regents of Univ. of Cal., 63 F. Supp. 2d 1240, 1242 (E.D. Cal. 1999) (citing Seminole Tribe, 517 U.S. at 53-54).

1   (1996).  Whether an entity is a state agency turns on several
2   factors, including:

> whether a money judgment would be satisfied out of state funds, whether the entity performs central governmental functions, whether the entity may sue or be sued, whether the entity has the power to take property in its own name or only the name of the state, and the corporate status of the entity.

Mitchell v. L.A. Cmty. Coll. Dist., 861 F.2d 198, 201 (9th Cir. 1988).

Since California's school districts are "controlled and funded by the state government rather than the local district," the Ninth Circuit has held that school districts in California are state agencies under the Eleventh Amendment.  Belanger v. Madera Unified Sch. Dist., 963 F.2d 248, 251 (9th Cir. 1992); see also Stoner v. Santa Clara Cnty. Office of Educ., 502 F.3d 1116, 1122 (9th Cir. 2007) ("[A] California school district and county office of education are arms of the state for purposes of Eleventh Amendment sovereign immunity.").  And to the extent that a school board's authority is coextensive with the authority of a school district under state law, a school board in California is likewise a state agency for purposes of the Eleventh Amendment.  See Belanger, 963 F.2d at 251; Everett H. v. Dry Creek Joint Elementary Sch. Dist., --- F. Supp. 2d ----, ----, Civ. No. 2:13-889 MCE DAD, 2014 WL 1123802, at *8 (E.D. Cal. Mar. 20, 2014) (holding that an elementary school board in California was entitled to Eleventh Amendment immunity).

Because Congress did not validly abrogate state sovereign immunity by enacting the FLSA, a plaintiff may not bring an FLSA claim against a state or state agency, including a

4

California school district or school board, absent an express waiver of immunity. Alden v. Maine, 527 U.S. 706, 757-58 (1999); Quillin v. Oregon, 127 F.3d 1136, 1139 (9th Cir. 1997). As this court has previously recognized, "California has not expressly waived its sovereign immunity under the FLSA." Baird, 172 F. Supp. 2d at 1310; cf. White v. Davis, 30 Cal. 4th 528, 545 n.7 (2003). Accordingly, because the District and the Board enjoy Eleventh Amendment immunity from plaintiff's FLSA claim, the court must grant defendants' motion to dismiss that claim.

II. State-Law Claims

Plaintiff has also brought two state-law claims pursuant to 28 U.S.C. § 1367, which authorizes federal courts to exercise supplemental jurisdiction over state-law claims that are sufficiently related to those claims over which they have original jurisdiction. 28 U.S.C. § 1367(a); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966). A district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); see also Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) ("[A] federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c).").

Factors courts consider in deciding whether to dismiss supplemental state-law claims include judicial economy, convenience, fairness, and comity. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 172-73 (1997). "[I]n the usual case in which federal law claims are eliminated before trial, the

1  balance of factors ... will point toward declining to exercise
2  jurisdiction over the remaining state law claims." Reynolds v.
3  County of San Diego, 84 F.3d 1162, 1171 (9th Cir. 1996),
4  overruled on other grounds by Acri, 114 F.3d at 1000.
5         Because the court will dismiss plaintiff's FLSA claim,
6  only her state-law claims remain.  None of the parties identify
7  any extraordinary or unusual circumstances suggesting that the
8  court should retain jurisdiction over plaintiff's state-law
9  claims in the absence of any federal claim.  The court therefore
10 declines to exercise supplemental jurisdiction over plaintiff's
11 remaining state-law claims pursuant to 28 U.S.C. § 1367(c)(3).
12         IT IS THEREFORE ORDERED that defendants' motion to
13 dismiss the Complaint be, and the same hereby is, GRANTED.
14         Plaintiff has twenty days from the date this Order is
15 signed to file an amended Complaint, if she can do so consistent
16 with this Order.
17 Dated:  May 29, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE